UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**TAMILIA LYNN ELKINS, Individually and
in her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS,
deceased,**

                **Plaintiff,**

  v.                                    **CIVIL ACTION NO.:  3:09-1284**
                                          **The Honorable Robert C. Chambers**

**AMERICAN SUZUKI MOTOR
CORPORATION, a foreign corporation,**

                **Defendant.**

**MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES
AGAINST AMERICAN SUZUKI MOTOR CORPORATION**

COMES NOW the Defendant, American Suzuki Motor Corporation, ("ASMC") by counsel, and moves the Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing, without prejudice, the Plaintiff's claim for punitive damages set forth in paragraphs 31 through 35 of the Complaint. In support of ASMC's motion, ASMC avers as follows and incorporates by reference its Memorandum of Law in support of its motion to dismiss.

    1.    On or about August 31, 2009, the Plaintiff filed her Complaint against ASMC relative to the fatal injuries suffered by her husband, Gary Dexter Elkins on or about September 2, 2007.

    2.    Paragraphs 31, 32, 33, 34 and 35 of the Complaint, allege the following:

31. The Defendants had actual knowledge that the purchasers and users of the 2005 Suzuki Boulevard described in this Complaint would be operating those vehicles in a manner as described in this Complaint and that that operation would create a positive hazard to life and limb for people in the same or similar position as Plaintiff's decedent, Gary Dexter Elkins.

32. Even though Defendant knew that for persons in the position of the Plaintiff's decedent the likelihood of harm was great, Defendant failed to provide safeguards, failed to warn or adequately warn of the inherent dangers, and did not warn the Plaintiff's decedent of the consequences of high speed wobble, low speed wobble, the other aerodynamic defects and design, and the dangerous and perilous defective electrical ignition system which could shut down the motorcycle and render control of the motorcycle virtually impossible.

33. Defendants' failure to properly warn, as aforesaid, proximately resulted in the accident which killed the Plaintiff's decedent, Gary Dexter Elkins.

34. The conduct on the part of Defendants was reckless and wanton in that the likelihood of harm was highly probable and that the resultant foreseeable harm could be, and in this case was, devastating.

35. Due to the reckless and wanton conduct of the Defendants as indicated hereinabove, Plaintiff is entitled to punitive damages in an amount to be determined by the trier of fact.

(Plaintiff's Complaint, ¶s 31 through 35).

3. Nowhere within the four corners of the Complaint has the Plaintiff alleged any conduct sufficient to meet the standard for an award of punitive damages against ASMC.

4. The West Virginia Supreme Court of Appeals held in *Coleman v. Sopher*, 201 W.Va. 588, 499 S.E.2d 592 (1997) that punitive damages are warranted where a defendant has acted with willfulness, wantonness, malice, or criminal indifference to the civil obligation affecting the rights of others. Mere acts of negligence are insufficient to warrant the imposition of punitive damages.

5. ASMC submits that, under the settled law of West Virginia, no allegations are set forth within the four corners of the Complaint which could support the imposition of punitive damages against ASMC.

6. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

7. The tenet that a court must accept the allegations in a complaint as true is inapplicable to threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

8. A Plaintiff must allege each and every element of a cause of action in order to survive a motion to dismiss.

9. When reviewing the Complaint as a whole, it is clear that the case against ASMC involves only Strict Liability, Breach of Warranties, Negligence and Failure to Warn.

10. In light of the plain language of the Complaint, it is clear that the allegations contained in paragraphs 31 through 35 must be dismissed or stricken from the pleading.

11. The proper approach in dealing with the Plaintiff's punitive damages request would be to dismiss such request, without prejudice, and allow the Plaintiff to amend her Complaint if facts are later developed in discovery warranting such relief.

WHEREFORE, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the Defendant, American Suzuki Motor Corporation, respectfully requests that this Honorable Court dismiss or strike the claim for punitive damages, without prejudice, and allow the Plaintiff to amend her Complaint if facts are later developed in discovery warranting such relief.

          **AMERICAN SUZUKI MOTOR CORPORATION**
          By Counsel

s/Michael Bonasso
Michael Bonasso (WV Bar #394)
Samuel D. Madia (WV Bar #10819)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, West Virginia 25338-3843
Telephone: (304) 345-0200
Facsimile:  (304) 345-0260
mbonasso@fsblaw.com
smadia@fsblaw.com
*Counsel for American Suzuki Motor Corporation*

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**TAMILIA LYNN ELKINS, Individually and
in her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS,
deceased,**

                      **Plaintiff,**

**v.**

                                  **CIVIL ACTION NO.:  3:09-1284**
                                    **The Honorable Robert C. Chambers**

**AMERICAN SUZUKI MOTOR
CORPORATION, a foreign corporation,**

                      **Defendant.**

## CERTIFICATE OF SERVICE

       I, Samuel D. Madia, counsel for the Defendant, American Suzuki Motor Corporation, do hereby certify that on the 8th day of January, 2010, the foregoing "**MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AGAINST AMERICAN SUZUKI MOTOR CORPORATION**" was served through the CM/ECF Court System and by depositing true copies thereof in the United States Mail, postage prepaid, in an envelope as follows:

                                        Charles S. West
                                        214 East First Avenue
                                        Williamson, WV25661
                                        Counsel for Plaintiff

s/Samuel D. Madia
Michael Bonasso (WV Bar #394)
Samuel D. Madia (WV Bar #10819)

FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, West Virginia 25338-3843
Telephone: (304) 345-0200
Facsimile:  (304) 345-0260
mbonasso@fsblaw.com
smadia@fsblaw.com
*Counsel for American Suzuki Motor Corporation*