UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**TAMILIA LYNN ELKINS, Individually and
in her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS,
deceased,**

                    **Plaintiff,**

   v.                                 **CIVIL ACTION NO.:  3:09 - 1284
                                        The Honorable Robert C. Chambers**

**AMERICAN SUZUKI MOTOR
CORPORATION, a foreign corporation,**

                    **Defendant.**


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF
<u>AMERICAN SUZUKI MOTOR CORPORATION</u>**

     COMES NOW the defendant, American Suzuki Motor Corporation, ("ASMC"), by counsel, and submits the following Memorandum of Law in support of its contemporaneously filed Motion to Dismiss.

<b>PRELIMINARY STATEMENT</b>

     This motion dismissing the Plaintiff's claim for punitive damages should be dismissed, without prejudice, because even if all the facts alleged in the Complaint are assumed to be true, the allegations simply do not rise to the level of conduct sufficient to circumvent the well established rule that punitive damages are only warranted in a situation where a defendant has acted willfully, wantonly, maliciously or with complete disregard for the rights of others.   The proper approach in dealing with the Plaintiff's

punitive damages request would be to dismiss such request, without prejudice, and allow the Plaintiff to amend her Complaint if facts are later developed in discovery warranting such relief.

## **STATEMENT OF FACTS**

On or about August 31, 2009, the Plaintiff filed her Complaint against ASMC relative to the fatal injuries suffered by her husband, Gary Dexter Elkins on or about September 2, 2007.  The Plaintiff's Complaint asserts causes of action most commonly associated with product liability lawsuits, i.e., Strict Liability, Breach of Warranties, Negligence and Failure to Warn.  The Plaintiff's Complaint, in short, is based upon the notion that on September 2, 2007, the 2005 Suzuki Boulevard motorcycle that her husband was operating was defective in its design, workmanship, construction, and manufacturer, as a result, was defective, unsafe, and inadequate for the use for which it was made and intended to be used.  (Plaintiff's Complaint, ¶ 8).

Specifically, the Complaint alleges that Suzuki Boulevard motorcycles were defective in the following respects:

> 1. Such motorcycles were inherently dangerous when negotiating curves similar to the curve plaintiff's decedent encountered when slowing to make left or right turns, at which times the said motorcycle would seem to go out of control on its own, despite the operator's efforts to control the motorcycle, and would wobble or weave at low speed and high speed.  The incident motorcycles, including decedent's motorcycle, were not dynamically stable at highway speeds.
>
> 2. Such motorcycles had a defective ignition system which could shut down without warning, causing the motorcycle to be without power, creating a serious hazard to the operator of the motorcycle and creating a serious risk of a fatal crash.
>
> 3. Such motorcycles were improperly aligned and this allowed the motorcycle to become uncontrollable at highway speeds.

> 4. Such motorcycles were inherently dangerous because of a certain vibrational oscillation condition known as wobble mode, (aka "tank slap") which occurs at high and low speed on straight or curvy road and which condition can and does throw the motorcycle out of control.
>
> 5. Such motorcycles were not dynamically stable in that they contained an undesirable vibrational oscillation mode at highway speeds, commonly known as weave mode.
>
> 6. Such motorcycles were contained an electrical and/or system defect (IGNITION SYSTEM) which caused it to lose power without warning, which made the vehicle dynamically unstable during critical maneuvers such as turns at highway speeds.
>
> (Plaintiff's Complaint, ¶s 9 through 14).

Count 5 of the Plaintiff's Complaint seeks punitive damages. In doing so the Plaintiff alleges that "[t]he conduct on the part of the defendants [sic] was reckless and wanton in that the likelihood of harm was highly probable and that the resultant foreseeable harm could be, and in this case was, devastating." (Plaintiff's Complaint, ¶ 34). Notwithstanding this serious allegation, the Plaintiff presents no factual allegations against ASMC for punitive damages. Specifically, the paragraphs in Count Five, which are devoted to punitive damage relief provide, in pertinent part, as follows:

> 31. The Defendants had actual knowledge that the purchasers and users of the 2005 Suzuki Boulevard described in this Complaint would be operating those vehicles in a manner as described in this Complaint and that that operation would create a positive hazard to life and limb for people in the same or similar position as Plaintiff's decedent, Gary Dexter Elkins.
>
> 32. Even though Defendant knew that for persons in the position of the Plaintiff's decedent the likelihood of harm was great,

> Defendant failed to provide safeguards, failed to warn or adequately warn of the inherent dangers, and did not warn the Plaintiff's decedent of the consequences of high speed wobble, low speed wobble, the other aerodynamic defects and design, and the dangerous and perilous defective electrical ignition system which could shut down the motorcycle and render control of the motorcycle virtually impossible.
>
> 33. Defendants' failure to properly warn, as aforesaid, proximately resulted in the accident which killed the Plaintiff's decedent, Gary Dexter Elkins.
>
> 34. The conduct on the part of Defendants was reckless and wanton in that the likelihood of harm was highly probable and that the resultant foreseeable harm could be, and in this case was, devastating.
>
> 35. Due to the reckless and wanton conduct of the Defendants as indicated hereinabove, Plaintiff is entitled to punitive damages in an amount to be determined by the trier of fact.
>
> (Plaintiff's Complaint, ¶s 31 through 35).

The Plaintiff's Complaint has not alleged any facts which would support a claim for punitive damages against ASMC. Simply stated, there exist no such facts to allege. Plaintiff has not alleged facts establishing, nor can she, that ASMC acted willfully, wantonly, maliciously or with complete disregard for the rights of others.

## ARGUMENT

The Plaintiff's claim for punitive damages must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The function of a motion to dismiss is to test the legal sufficiency of the complaint, and not the facts that support it. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Republican Party of North Carolina v. Martin*, 980 F.2d 943 (4th Cir. 1992). Accordingly, a complaint must be dismissed as a matter of law if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory. *Id*. Moreover, the factual allegations must be enough to raise a right to relief beyond the speculative level on the assumption that all of the allegations in the complaint are true. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The tenet that a court must accept the allegations in a complaint as true is inapplicable to threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Twombly*, 550 U.S. at 555. A court considering a motion to dismiss may begin by identifying allegations, that because they are mere conclusions, are not entitled to the assumption of truth. *Iqbal*, 129 S.Ct. at 1937. The Plaintiff here has only made threadbare recitals of a few elements of a punitive damage cause of action which are supported by mere conclusory statements.

The West Virginia Supreme Court has made it clear that punitive damages are warranted only in a situation where a defendant has acted willfully, wantonly, maliciously or with complete disregard for the rights of others.  See *Coleman v. Sopher*, 201 W.Va. 588, 602-03, 499 S.E.2d 592, 606-07 (1997).  Punitive damages are not recoverable in a case where only negligence, carelessness, or recklessness is alleged.

Here, the Plaintiff's Complaint read in a light most favorable to the Plaintiff only alleges "reckless" and "wanton" conduct against ASMC.  And, "[a] wrongful act, done under a bona fide claim of right, and without malice in any form, constitutes no basis for [punitive] damages."  *Commonwealth Tire Co. v. Tri-State Tire Co.*, 156 W.Va. 351, 359, 193 S.E.2d 544, 549 (1972).  In the present matter, there are no allegations within the four corners of the pleading that would support the Plaintiff's prayer for punitive damages against ASMC as set forth in the Complaint.  Similarly, in *Ilosky v. Michelin Tire Corp.*, 172 W.Va. 435, 307 S.E.2d 603 (1983), there were no allegations found within the four corners of the Complaint that supported plaintiff's request for punitive damage and the West Virginia Supreme Court of Appeals affirmed the Circuit Court of Hancock County's striking of plaintiff's claim for punitive damages from the Complaint. 172 W.Va. at 451, 307 S.E.2d at 619.  In *Ilosky*, the court found that plaintiff's negligence and strict liability theories of liability did not support her claim for punitive damages.  *Id.* at 439; 307 S.E.2d at 607.  Likewise, in the case at bar, Plaintiff's theories of liability against ASMC do not support a prayer for punitive damages.

In looking at the Federal Rule12(b)(6) standard and West Virginia case law that identifies when punitive damages are attainable, it is clear that the Plaintiff's Complaint alleges insufficient facts under a punitive damages legal theory.  Moreover, the tenet that

this Honorable Court must accept the allegations contained in Paragraphs 31 through 35 of the Complaint as true is inapplicable to the case at hand. With this notion, it is ASMC's legal right to have the punitive damages claim alleged against it dismissed.

WHEREFORE, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the Defendant, American Suzuki Motor Corporation, respectfully requests that this Honorable Court dismiss or strike the claim for punitive damages, without prejudice, and allow the Plaintiff to amend her Complaint if facts are later developed in discovery warranting such relief.

          **AMERICAN SUZUKI MOTOR CORPORATION**
          By Counsel

s/Michael Bonasso
Michael Bonasso (WV Bar #394)
Samuel D. Madia (WV Bar #10819)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, West Virginia 25338-3843
Telephone: (304) 345-0200
Facsimile: (304) 345-0260
mbonasso@fsblaw.com
smadia@fsblaw.com
*Counsel for American Suzuki Motor Corporation*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**TAMILIA LYNN ELKINS, Individually and
in her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS,
deceased,**

      **Plaintiff,**

 vi.            **CIVIL ACTION NO.:  3:09 - 1284**
                 The Honorable Robert C. Chambers

**AMERICAN SUZUKI MOTOR
CORPORATION, a foreign corporation,**

      **Defendant.**

## CERTIFICATE OF SERVICE

 I, Samuel D. Madia, counsel for the Defendant, American Suzuki Motor Corporation, do hereby certify that on the 8th day of January, 2010, the foregoing **"MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF AMERICAN SUZUKI MOTOR CORPORATION"** was served through the CM/ECF Court System and by depositing true copies thereof in the United States Mail, postage prepaid, in an envelope as follows:

         Charles S. West
         214 East First Avenue
         Williamson, WV25661
         Counsel for Plaintiff

s/Samuel D. Madia
Michael Bonasso (WV Bar #394)
Samuel D. Madia (WV Bar #10819)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, West Virginia 25338-3843

8

Telephone: (304) 345-0200
Facsimile:  (304) 345-0260
mbonasso@fsblaw.com
smadia@fsblaw.com
*Counsel for American Suzuki Motor Corporation*