USDC/ATTY-003  (Rev. 2/07) | LR 16.1  Report of Parties Planning Meeting

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT   HUNTINGTON

TAMILIA LYNN ELKINS, Individually and
in her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS,
deceased,

**V.**

AMERICAN SUZUKI MOTOR
CORPORATION, a foreign corporation,

**REPORT OF PARTIES' PLANNING MEETING**
**CASE NUMBER  3:09 - 1284**

---

*Guideline for parties and attorneys:*
The parties are advised to use the *Worksheet for Report of Parties Planning Meeting* (Form  USDC/ATTY-004 located
on the Court's website at www.wvsd.uscourts.gov ) and the suggested guidelines contained in the form's comments.

---

1.     Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on ___January 7, 2010___ . Those participating were:

_____Charles S. West_____ for plaintiff(s)

_____Michael Bonasso_____ for defendant(s) _American Suzuki Motor Corporation_

_____Samuel D. Madia_____ for defendant(s) _American Suzuki Motor Corporation_

_____ for defendant(s) _____

2.     Pre-Discovery Disclosures. The parties will exchange by ___February 22, 2010,___ the information required by Fed.R.Civ.P. 26(a)(1).

3.     Plaintiff(s) should be allowed until ___February 8, 2010,___ to join additional parties and until ___February 8, 2010___ to amend the pleadings.  Defendant(s) should be allowed until ___February 8, 2010___ to join additional parties and until ___February 8, 2010___ to amend the pleadings.

4.      Discovery Plan.  The parties jointly propose to the court the following discovery plan:
[Use separate paragraphs or subparagraphs as necessary if parties disagree.]

        Discovery will be needed on the following subjects:

PLEASE SEE EXHIBITS "1" AND "2" ATTACHED

        Disclosure of electronically stored information should be handled as follows:

The parties anticipate that the categories of electronically stored information that will be sought
in the litigation can be produced in the form of CDs.  To the extent any party  asserts during the
course of discovery that it is necessary for electronically stored information to be produced in
some other format, the parties agree to mutually work toward a reasonable resolution of any
such request.  If the parties are unable to agree and/or disputes arise in the course of discovery
regarding electronically stored information, the parties will submit them to the Court in
accordance with the Local Rules and the Federal Rules of Civil Procedure.

        The parties have agreed to an order regarding claims of privilege or of protection as trial-
preparation material asserted after production, as follows:

The parties agree that a protective order is appropriate for disclosure of some of the information
to be disclosed in this case and will work together to prepare and submit an Agreed Protective
Order to the Court.

        This action     is not      suitable for designation as a complex case requiring special case
management procedures and additional pretrial conferences.  If the parties and attorneys believe that
the case is complex, the basis for that belief is:

        The last date to serve discovery requests is _____ October 1, 2010 _____ .  The last date on which
to take a discovery deposition is 45 days after the last date to serve discovery requests.  The last date
on which to take a discovery deposition is known as the "discovery completion date." [Discovery
on __ November 15, 2010, __ to be completed by __ November 15, 2010 __ .]

        The parties do not     adopt the discovery limits set forth in the Federal Rules of Civil
Procedure.  If the parties and attorneys believe that more discovery is needed, the basis for that
belief is:

SEE EXHIBIT "2" ATTACHED

USDC/ATTY-003 | LR 16.1 (Rev. 2/07) Report of Parties Plainning Meeting

Reports from retained experts under Rule 26(a)(2) due:

By the party with the burden of proof on an issue:     September 1, 2010     ;
By the party not bearing the burden of proof on an issue:     October 15, 2010     ; and
Expert witness disclosures intended solely to contradict or rebut evidence on the same issue
identified by another party:     November 5, 2010     .

5.     Magistrate judges will resolve discovery disputes. The parties do not consent   to have a
United States magistrate judge conduct any and all further proceedings in the case, including
trial, and order the entry of a final judgment.

6.     Mediation shall take place on or before     December 15, 2010     .

7.     Potential dispositive motions shall be filed by     December 15, 2010     , with responses and
replies filed according to the Local Rules.

8.     The parties request a pretrial conference in     January 26, 2011     .
The plaintiff(s) shall submit a proposed pretrial order to defendant(s) on or before
     January 10, 2011     .
The defendant(s) shall compile a proposed integrated pretrial order and submit it to chambers
of the presiding judicial officer on or before     January 19, 2011     .

9.     Where applicable, proposed jury instruction shall be exchanged and transmitted to chamber s
of the presiding judicial officer in WordPerfect format on or before     February 9, 2011     .

10.     Where applicable, proposed findings of fact and conclusions of law shall be exchanged and
transmitted to chambers of the presiding judicial officer in WordPerfect format on
or before     February 7, 2011     .

11.     A final settlement conference will take place on     February 11, 2011     .

USDC/ATTY-003 | LR 16.1 (Rev. 2/07) Report of Parties Plainning Meeting

12.     The case should be ready for trial by ___February 14, 2011___ , and at this time is expected to take approximately _____five_____ days.

The parties     request     a conference with the court before entry of the scheduling order.

_/s/Charles S. West_                                     _/s/Michael Bonasso_

Charles S. West (WV Bar#5192)
214 East First Avenue
Williamson, WV25661
Telephone: (304) 235-8888
Facsimile:  (304) 235-0705
charleswestatty@yahoo.com

Michael Bonasso (WV Bar #394)
Samuel D. Madia (WV Bar #10819)
FLAHERTY SENSABAUGH BONASSO
P.O. Box 3843
Charleston, West Virginia 25338-3843
Telephone: (304) 345-0200
Facsimile:  (304) 345-0260
mbonasso@fsblaw.com
smadia@fsblaw.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

TAMILIA LYNN ELKINS, Individually and
in her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS,
deceased,

       **Plaintiff,**

v.            **CIVIL ACTION NO.:  3:09 - 1284**
              **The Honorable Robert C. Chambers**

AMERICAN SUZUKI MOTOR
CORPORATION, a foreign corporation,

       **Defendant.**

## CERTIFICATE OF SERVICE

I, Samuel D. Madia, counsel for the Defendant, American Suzuki Motor Corporation, do hereby certify that on the 25th day of January, 2010, the foregoing "**American Suzuki Motor Corporation's Report of Parties' Planning Meeting**" was served through the CM/ECF Court System and by depositing true copies thereof in the United States Mail, postage prepaid, in an envelope as follows:

        Charles S. West
        214 East First Avenue
        Williamson, WV25661
        Counsel for Plaintiff

s/Samuel D. Madia
Michael Bonasso (WV Bar #394)
Samuel D. Madia (WV Bar #10819)
FLAHERTY SENSABAUGH BONASSO PLLC
P.O. Box 3843
Charleston, West Virginia 25338-3843
Telephone: (304) 345-0200
Facsimile:  (304) 345-0260
mbonasso@fsblaw.com
smadia@fsblaw.com
*Counsel for American Suzuki Motor Corporation*