IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION


**TAMALIA LYNN ELKINS, Individually and**
In her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS, deceased,

                          **PLAINTIFF,**

                                            CIVIL ACTION NO. 3:09-1284

**V.**

**AMERICAN SUZUKI MOTOR**
**CORPORATION, a foreign corporation**

                          **DEFENDANT.**


**RESPONSE/MEMORANDUM TO MOTION TO DISMISS**


\*   \*   \*   \*


      Comes the Plaintiff, by counsel, and in Response to the Motion to Dismiss the claim for punitive damages, would show this Court as follows:

      Plaintiff's decedent was killed in a motorcycle crash on September 2, 2007. Suit was timely filed on August 31, 2009. In her Complaint Ms. Elkins asserts that Defendants knew or should have known that the vehicle was dangerous and posed a threat to the health and safety of the decedent. Defendants also failed to warn decedent and others similarly situated of the risk caused by the vehicle although that risk was

known.   Complaint, paras. 31, 32.   The Plaintiff stated that Defendant acted wantonly and recklessly with regard to the safety and welfare of decedent and that such actions should result in imposition of damages against the Defendants.   Complaint, para. 34. This wanton and reckless behavior resulted in the death of Mr. Elkins.   Complaint, para. 33.

As Defendants admit at p. 2 of the motion, a motion to dismiss may not be granted unless it is clear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.   *Conley v. Gibson*, 355 U.S. 41 (1957). Defendants argue that while the Complaint asserts strict liability, breach of warranty, negligence and failure to warn, resulting in death, that Plaintiff has not shown any entitlement to punitive damages.   Motion to Dismiss, p. 4.   This claim is clearly without merit.   Plaintiff amply illustrated circumstances under which imposition of punitive damages would be appropriate.

Punitive damages are proper where a defendant acts willfully, wantonly or with complete disregard for the rights of others, and that action results in harm to another. The Complaint outlines just such actions on the part of Defendants.   Defendants' Motion is devoid of any assertion that Defendants did not act willfully or wantonly with regard to the safety of decedent or other similarly situated users.   As the Complaint shows, the motorcycle designed and sold by Defendants was inherently dangerous because they were not dynamically stable at highway speeds, had a defective ignition system, causing the motorcycle to suddenly shut down during operation, and were improperly aligned, causing them to become uncontrollable at highway speed. Complaint, paras. 9-14.

The Complaint states that the Defendants knew that the likelihood of death or serious injury to those using the motorcycles was highly probable, and the willful and wanton failure to either warn of the risk or prevent the harm requires imposition of punitive damages.   In fact, Defendants go so far as to intimate that their willful and wanton actions were "done under a bona fide claim of right" (Memo in Support of Motion to Dismiss, at p. 6), citing case law giving that as the standard for denying a claim for punitive damages.   Assuming all the facts in the complaint are true, as required in ruling on a motion to dismiss, Plaintiff's assertions rise to the level where the right to punitive damages is more than speculative.   Defendants knew that the vehicle was dangerously defective and affirmatively failed to take action to prevent the very type of harm which killed the decedent.

In order for a plaintiff to recover punitive damages in West Virginia, the "defendant must be shown to have engaged in a willful, wanton, reckless, or malicious act." *Tri-State Asphalt Products, Inc. v. McDonough Co.*, 391 SE2d 907, 913 (W. Va. 1990).     West Virginia courts permit punitive damages where the plaintiff asserts malice, fraud, oppression or gross negligence.   *Warden v. Bank of Mingo* , 341 SE2d 679, 684 (W. Va. 1985). West Virginia law is in accord with the common law as expressed generally by the *Restatement (Second) of Torts*, which clearly outlines that "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive, or his reckless indifference to the rights of others." *Id.* at Section 908(2) (1979).

Punitive damages may be proper where, as here, the Defendants' conduct is more than a mistake or a mere misadventure, but is an intentional wrongful act.   *El-Meswari*

*v. Washington Gas Light Co.*, 785 F.2d 483 (C.A.4 1986).   Where the Defendants' actions show a reckless disregard for the safety of others, punitive damages are proper. *Id.*   A noted treatise on this issue finds punitive awards proper where the plaintiff shows both "defendant's knowledge of a product defect 'and of the potential harm which that defect posed to consumers,' " and "some kind of 'fault,' consisting 'of a defendant failing to take some action which the products and marketing circumstances demand.' " 2 M. Shapo, *The Law of Products Liability* p 29.02 (1990) (quoting Ghiardi and Kircher, *Punitive Damage Recovery in Products Liability Cases,* 65 Marq.L.Rev. 1, 83-84 (1981)). "Although intent to injure is not necessary, some type of aggravated conduct (knowledge, at the least) is a needed component."   *Id*.

As a general rule, "wanton and reckless conduct requires ... direct evidence of substantial knowledge on the part of the manufacturer that the product is, or is likely to become, dangerous, and a gross indifference to the danger." *American Laundry Machinery Industries v. Horan*, 412 A.2d 407, 420 (1980).   The Complaint in this case makes just such an assertion.   Defendants knew or should have known of the defects and knew or should have known of the risk caused by the defects.   Despite this commercially reasonable knowledge, Defendants opted to take no action, thereby intentionally exposing decedent to the very circumstances which killed him.   Punitive damages are clearly appropriate and lawful under the facts stated in the Complaint.

In determining the propriety of a claim for punitive damages, the assertions in the complaint must be reviewed in the light most favorable to the plaintiff.   *Cook v. Hecks, Inc.*, 342 SE2d 453, 455 (W. Va. 1986).   The Plaintiff's Complaint details all relevant factors for the imposition of punitive damages.   A noted case outlines when such

damages are permissible, stating:

> Knowledge of the defect and conscious indifference to its danger are thus the critical factors separating recklessness from negligence. The Restatement explains that reckless misconduct differs "from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, ... in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." Restatement (Second) of Torts Sec. 500 comment g (1965) (emphasis added).

*Mosser v. Fruehauf Corp.*, 940 F.2d 77, 85-86(C.A.4 1991).   The Complaint asserts just such conduct on the part of Defendants.

Under West Virginia law, the assessment of punitive damages requires consideration of "all the circumstances surrounding the particular occurrence including the nature of the wrongdoing, the extent of harm inflicted, the intent of the party committing the act, the wealth of the perpetrator, as well as any mitigating circumstances." *Wells v. Smith*, 297 SE2d 872, 878 (W. Va. 1982).   Punitive damages may be properly awarded for wanton, reckless, malicious, or oppressive conduct. *Id.*, 297 S.E.2d at 876-77.   Punitive damages are intended to punish actions on the part of the defendant which shock the conscience. *Thorne v. Wise*, 47 F.3d 1165 (C.A.4 1994).   A failure to act in good faith or in a manner which is reasonable, given the known facts, permits imposition of punitive damages. *Weese v. Nationwide Ins. Co.*, 879 F.2d 115 (C.A.4 1989).

Defendants can point to no evidence showing that their actions were not taken in bad faith.   Defendants' Answer contains only a formulaic denial of the assertions made by Plaintiffs.   Plaintiffs have a reasonable belief, based on review of all factors available to them regarding the motorcycle that Defendants acted in bad faith, with malice, intent, or wanton and willful disregard of the safety of Plaintiff's decedent.   The four corners of

the Complaint amply illustrate why punitive damages may be proper.   Under such circumstances, the claim must go forward.   It is premature for Defendants to request dismissal of the claim.   Until discovery can be made, Plaintiffs cannot conclusively prove their entitlement to punitive damages.   As the Complaint clearly shows a good faith belief by Plaintiffs to such entitlement, dismissing the claim would be improper. *Suarez Corp. Industries v. McGraw*, 125 F.3d 222, 231 (C.A.4 1997);   *Blankenship v. Manchin*, 471 F.3d 523. 526 (4th Cir., 2006).   For this reason, Defendants' Motion must be denied.

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court DENY the Motion to Dismiss and allow the case to move forward.

    s/ Charles S. West _____
Charles S. West (WV Bar No.: 5192)
214 East First Avenue
Williamson, WV   25661
Telephone:   (304) 235-8888
Facsimilie:   (304)235-0705
charleswestatty@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**TAMILIA LYNN ELKINS, Individually and
in her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS,
deceased,**

                              **Plaintiff,**

vi.                                **CIVIL ACTION NO.: 3:09 – 1284**
                                       **The Honorable Robert C. Chambers**

**AMERICAN SUZUKI MOTOR
CORPORATION, a foreign corporation,**

                              **Defendant.**

## CERTIFICATE OF SERVICE

I, Charles S. West, counsel for the Plaintiff, Tamilia Lynn Elkins, Individually and in her capacity as Administratrix of the Estate of Gary Dexter Elkins, deceased, do hereby certify that on the 30th day of January, 2010, the foregoing "**Response to Motion to Dismiss Claim for Punitive Damages and Memorandum**" was served through the CM/ECF Court System and by depositing true copies thereof in the United States Mail, postage prepaid, in an envelope as follows:

Michael Bonasso
Samuel D. Madia
Flaherty Sensabaugh and Bonasso
P.O Box 3843
Charleston, WV   25338-3843

                                                  s/ Charles S. West_____
                                                  Charles S. West (WV Bar No.:5192)
                                                  Attorney at Law
                                                  214 East First Avenue
                                                  Williamson, WV 25661
                                                  Telephone: (304)-235-8888
                                                  Facsimile: (304)-235-0705
                                                  charleswestatty@yahoo.com
                                                  *Counsel for Plaintiff*