IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAMILIA LYNN ELKINS, Individually and
in her capacity as Administratrix of the
Estate of GARY DEXTER ELKINS,
deceased,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:09-1284

AMERICAN SUZUKI MOTOR
CORPORATION, a foreign corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant American Suzuki Motor Corporation's ("Suzuki") motion to dismiss Plaintiff's claim for punitive damages (Doc. 6). For the reasons stated below, the motion is **DENIED as premature.**

**Background**

On September 2, 2007, Gary Dexter Elkins, a resident of Williamson, West Virginia, was killed while riding his 2005 Suzuki Boulevard motorcycle on U.S. Route 52 near Glen Hayes, Wayne County, West Virginia. According to the complaint in this matter, Mr. Elkins was proceeding south on U.S. Route 52, when, as he attempted to negotiate a curve in the road, he lost control of his motorcycle and hit the guardrail along the road's shoulder. Upon impact, Mr. Elkins was thrown over the handle bars of his motorcycle and over the guardrail itself. He suffered internal and external injuries, which resulted in his death approximately one hour later.

Tamalia Lynn Elkins, wife of Gary Elkins, filed this action on or about August 31, 2009. Mrs. Elkins brought suit in her individual capacity and as Administratrix of her deceased husband's estate. In her complaint, Mrs. Elkins alleges that the 2005 Suzuki Boulevard owned and operated by Mr. Elkins, on September 2, 2007, was inherently dangerous as a result of defective design, manufacture and production. Specifically, Plaintiff claims that the motorcycle was not dynamically stable at highway speeds because of a defective ignition system, improper alignment, and/or a vibrational oscillation condition, which caused the vehicle to wobble. Mrs. Elkins alleges that Suzuki knew of the dangers inherent to the 2005 Suzuki Boulevard, prior to her husband's accident in 2007, and failed to adequately warn consumers. Accordingly, she has brought claims against Suzuki for: (1) strict liability in tort, (2) breach of warranties – express and implied, (3) negligence, (4) failure to warn, and (5) punitive damages.

Suzuki now moves the Court to dismiss the punitive damage claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that "[n]owhere within the four corners of the Complaint has the Plaintiff alleged any conduct sufficient to meet the standard for an award of punitive damages against [Suzuki]." *Def.'s Mot. to Dismiss* (Doc. 6), 3.

**Standard of Review**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Nonetheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. 554 (2007)) (internal quotations omitted); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) ("Detailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations and citations omitted).

When considering a motion to dismiss, a court "accepts as true all well-plead allegations and views the complaint in the light most favorable to the plaintiff." *Sec. of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Further, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S.Ct. at 1940.

## Analysis

In West Virginia, to be successful on a punitive damage claim, a plaintiff must prove that a defendant has acted willfully, wantonly, maliciously or with complete disregard for the rights of others. *See, e.g.,* Syl. Pt. 6, *Coleman v. Sopher*, 499 S.E.2d 592 (W. Va. 1997); Syl. Pt. 8, *Tri-State Asphalt Products, Inc. v. McDonough Co.*, 391 S.E.2d 907 (W. Va. 1990) ("In order to secure punitive damages, a defendant must be shown to have engaged in a wilful, wanton, reckless, or malicious act."); Syl. Pt. 4, *Commonwealth Tire Co. v. Tri-State Tire Co.*, 193 S.E.2d 544 (W. Va. 1972) ("To sustain a claim for punitive damages the wrongful act must have been done maliciously, wantonly, mischievously or with criminal indifference to civil obligations."). Accordingly, in a

product liability case, a punitive damage award requires: (1) knowledge or reason to know of the dangers inherent in a defendant's product, and (2) either gross indifference to that danger or some other bad act. *See Mosser v. Fruehauf Corp.*, 940 F.2d 77, 84-85 (4th Cir. 1991); *id.* at 87 ("[A] punitive damages award under West Virginia law ... has long required more than a showing of simple negligence to recover.") (quoting *Bennett v. 3 C Coal Co.*, 379 S.E.2d 388, 394 (W. Va. 1989)); *see also Weese v. Nationwide Ins. Co.*, 879 F.2d 115, 117 (4th Cir. 1989) ("In order to recover punitive damages ... the insured must show that the company actually knew that the policyholders' claim was proper, but willfully, maliciously and intentionally denied the claim.") (quoting *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80-81 (W. Va. 1986)).

Defendant argues that, even if the facts in the complaint are assumed to be true, Plaintiff has failed to state a claim upon which relief can be granted, insofar as the punitive damage claim is concerned, because the complaint, at best, establishes only "reckless" or "wanton" conduct by Suzuki. *Def.'s Mem. in Supp.* (Doc. 7), 6. Therefore, Suzuki contends that the Court should "dismiss or strike the claim for punitive damages, without prejudice, and allow the Plaintiff to amend her Complaint if facts are later developed in discovery warranting such relief." *Id.* at 7.

Plaintiff, on the other hand, argues that Suzuki's motion to dismiss is premature, for, discovery will demonstrate that a punitive damage award will be appropriate in this matter. *Pl.'s Resp. in Opp'n* (Doc. 12), 6.

Because this case is in the early stages of discovery, the Court agrees with Plaintiff that Suzuki's motion is premature. According to the complaint, when the company was notified of the potential claims against it arising out of the 2007 accident, Suzuki presented Mr. Elkins' family with a copy of a recall notice concerning the 2005 Suzuki Boulevard. This recall notice was issued at

some point prior to the accident. When viewed in the light most favorable to Plaintiff, this asserted fact supports a finding that Suzuki may have known or, at a minimum, had reason to know of the defective condition which allegedly caused Mr. Elkins' accident. Such knowledge, combined with some wrongful act, may be sufficient to sustain a claim for punitive damages. *See, e.g, Mosser*, 940 F.2d at 84-85; *Weese*, 879 F.2d at 117. As a result, this Court **FINDS** that denial is appropriate at this early juncture in the litigation and Plaintiff should be allowed an opportunity to conduct discovery on the punitive damage claim. Suzuki's motion is, accordingly, **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 27, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE